**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

**Civil Action No. 09-417-HRW**

**PATRICIA BRUMMETT,** **PLAINTIFF,**

**v.** **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,** **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on May 30, 2007, alleging disability beginning on March 1, 2005, due to osteoarthritis and "spurs" in her back, a bulging disc in her neck and back, migraines and "bad nerves" (Tr. 121 -131, 140). This application was denied

initially and on reconsideration (Tr. 102-105, 108-110). On November 14, 2008, an administrative hearing was conducted by Administrative Law Judge Donald Rising (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 26, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-21). Plaintiff was 35 years old at the time of the hearing decision (Tr. 28, 30). She has a sixth grade education and past relevant work experience (Tr. 28).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.15).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc conditions of the lumbar spine, lumbar and cervical strain, right shoulder strain, migraine headaches, obesity, borderline intellectual functioning, generalized anxiety and an affective disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 15-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16-17). In doing so, the ALJ specifically considered listings 12.04, 12.05 and 12.06 (Tr. 16-17).

The ALJ further found that Plaintiff has the residual functional capacity ("RFC") to perform medium work with certain restrictions as set forth in the hearing decision (Tr. 17-19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 2, 2009 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B. Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly determined that her impairments did not meet or equal Listing 12.05(C) and (2) the ALJ erroneously discounted the opinion of her treating physician Dr. Bernard Moses.

**C. Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly determined that her impairments did not meet or equal Listing 12.05(C).

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis],"

including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id.* (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a

listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
> . . . .

In this case, Plaintiff argues that she has the severity requirements set forth in Subpart C, which requires:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(C).

In order to fall within Listing 12.05, however, Plaintiff must first show that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" which "initially manifested during the developmental period." Plaintiff has not done so. There is no evidence in the record pertaining to her functioning prior to the age of 22 nor has Plaintiff presented evidence, such as school records or evaluations. Although Plaintiff "thinks she was in special

education," there is nothing in the record to support her belief. The caselaw is this regard is clear -"close" is simply not enough. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986). The lack of evidence of subaverage functioning during the developmental period is fatal to Plaintiff's contention that she meets the requirements of Listing 12.05(C).

Plaintiff's second claim of error is that the ALJ erroneously discounted the opinion of her treating physician Dr. Bernard Moses.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Moses completed a Medical Assessment of Ability To Do Work-Related Activities (Physical) on August 21, 2008 (Tr. 372-373). He opined that Plaintiff was extremely limited in her physical functioning. The ALJ disregarded this opinion of dire impairment. The Court finds no error in this regard. First, Dr.

Moses' opinion is not supported by the requisite clinical or diagnostic data. Further, his treatment notes do not suggest that Plaintiff's impairments are as disabling as he concluded in the RFC assessment. Finally, no other medical evidence in the record is in accord with Dr. Moses's assessment. For example, there are no records of surgery, injections or physical therapy, which would support Dr. Moses' opinion. Simply put, Dr. Moses' assessment stands alone, without any support in the record. As such, the ALJ did not err in disregarding it.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22 day of November, 2010.

Henry R. Wilhoit, Jr., Senior Judge